UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-01982

| | |
|---|---|
| FRED NEKOUEE, individually, | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| NMMS TWIN PEAKS, LLC, a California limited liability company; | : |
| | : |
| Defendant. | : |
| _____/ | |

# **COMPLAINT**
(Injunctive Relief Demanded)

PLAINTIFF, FRED NEKOUEE, individually, as a mobility impaired individual (sometimes referred to as "Plaintiff"), hereby sues the Defendant, NMMS TWIN PEAKS, LLC a California limited liability company (sometimes referred to as "Defendant"); for injunctive relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, Fred Nekouee, is an individual who resides in Lutz, Florida, in the County of Hillsborough.

2. Defendant NMMS TWIN PEAKS, LLC owns the real estate and the improvements thereon described as Lot 1J Twin Peaks Mall Replat J, Boulder County, State of Colorado as further described in that Bargain and Sale Deed recorded on August 21, 2017 in the Office of the Boulder County Recorder, Document Number 3611626 ("the Property").

3. A Whole Foods grocery store is located on the Property, with an address of 1250 South hover Street, Suite 300, Longmont, Colorado 80501 ("Whole Foods").

4.    Wyatt's store is located on the Property with an address of 1250 South Hover Street, Longmont, Colorado 80501 ("Wyatt's").

5.    Venue is proper in the District of Colorado because venue lies in the judicial district of the situs of Property.   The Defendant's Property, Whole Foods, and Wyatt's are located in and do business within this judicial district.

6.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.   See also 28 U.S.C. § 2201 and § 2202.

7.    Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA, 42 U.S.C. § 12181(7)(E), and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.

8.    The Property is a shopping center.

9.    The Property is a place of public accommodation.

10.   Whole Foods is a grocery store and a sales establishment.

11.   Whole Foods is a place of public accommodation.

12.   Wyatt's is a sales establishment on the Property.

13.   Wyatt's is a place of public accommodation.

14.   Defendant is responsible for complying with the obligations of the ADA.

15.   The Whole Foods and Wyatt's stores were constructed on the Property after the year 2012.

16.   Plaintiff Fred Nekouee is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.   Fred Nekouee has progressive multiple sclerosis, weak limbs and hands, and requires the use of a wheelchair for mobility.

17. Mr. Nekouee travels to the Longmont-Firestone-Boulder area every three to six months to accompany his brother at heavy equipment auctions and to visit heavy equipment dealerships, where he assists his brother compare prices to equipment available in other areas, or to help his brother evaluate whether to buy or sell heavy equipment, or to vacation.

18. Fred Nekouee visited the Property which forms the basis of this lawsuit on August 2, 2018; February 5, 2019; May 8, 2019; October 1, 2019; and March 5, 2020; and he bought goods and sought to avail himself of the goods and services at Property on such dates.

19. Fred Nekouee visited and bought goods at Whole Foods on the Property on August 2, 2018; February 5, 2019; May 8, 2019; October 1, 2019; and on March 5, 2020.

20. Fred Nekouee visited and bought goods at Wyatt's on the Property August 2, 2018; February 5, 2019; May 8, 2019; and on October 1, 2019.

21. Fred Nekouee attended a heavy equipment auction in the Longmont area on October 3, 2018; May 8, 2019; October 2, 2019; and March 4, 2020.

22. Fred Nekouee visited Rocky Mountain National Park on October 2, 2018.

23. Fred Nekouee also visited the Longmont, Colorado area from February 3-7, 2019.

24. Fred Nekouee plans to return to Property to avail himself of the goods and services offered to the public at the Property, Whole Foods and Wyatt's.

25. The Plaintiff has definite plans to return to the area and to the Property, Whole Foods, and Wyatt's in late September or early October 2020.

26. The Property, Whole Foods, and Wyatt's are close to the heavy equipment auction and dealerships he visits and to hotels at which he stays.

27. The Plaintiff likes the fruit and grocery items for sale at Whole Foods on the Property.

28. The Plaintiff plans to return to Whole Foods to shop.

29. The Plaintiff likes wine and spirits on occasion.

30. The Plaintiff plans to return to Wyatt's to shop.

31. For the reasons set forth in paragraphs 17-30 and 45, Fred Nekouee plans to return to Property and to Whole Foods, and Wyatt's.

32. The Plaintiff has encountered architectural barriers at the Property.

33. The barriers to access that the Plaintiff encountered at the Property have endangered his safety, impaired his ability or those accompanying him to park a vehicle, impaired his ability to access Property, and have impaired his use of the restrooms there.

34. The Plaintiff's need to use a wheelchair limits his mobility when surfaces are not nearly flat.

35. The Plaintiff cannot move up steep inclines or down steep slopes in his wheelchair because he lacks the strength and also risks tipping his wheelchair backwards or forwards.

36. Excessively steep cross slopes cause the Plaintiff to be unstable in his wheelchair and such excessively steep slopes pose a risk of causing the Plaintiff to tip over sideways in his wheelchair.

37. On his visit to the Property, the Plaintiff encountered excessively steep slopes and changes in level in its parking lot and walking surfaces.

38. The cross slope of the walking surface in front of Whole Foods has a cross slope that is steeper than 1:48 and that is steeper than 3.1%.

39. In the parking lot in front of Wyatt's, the parking spaces for disabled patrons have slopes that are steeper than 1:48 and that are steeper than 3.1%.

40. In the parking lot in front of Whole Foods, the running slope of the access aisle

serving the parking spaces for disabled patrons is steeper than 1:48 and is steeper than 3.1%.

41.     The Plaintiff encountered and observed barriers to access in the men's restroom in Whole Foods; and so, he also tried to use the women's restroom in Whole Foods, in which women's restroom he also encountered and observed barriers to access.

42.     The Plaintiff encountered and observed a barrier to access the men's restroom in Wyatt's; and so, he also tried to use the women's restroom in Wyatt's, in which women's restroom he also encountered and observed a barrier to access.

43.     The Plaintiff is deterred from visiting the Property even though he enjoys its goods, because of the difficulties he will experience there until the Property is made accessible to him in a wheelchair.

44.     Fred Nekouee has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the Property as described but not necessarily limited to the allegations in paragraph 51 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

45.     Fred Nekouee desires to visit the Property not only to avail himself of the goods and services available at Property but to assure himself that the Property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the Property without fear of discrimination.

46.     The Defendant has discriminated against the individual by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the building, as prohibited by 42 U.S.C. § 12182 et seq.

47.     The Defendant has discriminated, and is continuing to discriminate, against the

Plaintiff in violation of the ADA by failing to, <u>inter alia</u>, have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

48. Physical conditions that exist at the Property are accurately described in each romanette "(i)" in each lettered subparagraph of paragraph 51 below

49. Preliminary inspections of the Property show that violations of the ADA exist as set forth in paragraph 51 below.

50. The violations of the ADA that Fred Nekouee personally encountered or observed at the Property include, but are not limited to, those set forth in paragraph 51 below.

51. At the Property:

**PARKING**

a. (i) In the parking lot in front of Whole Foods, the running slope of the access aisle serving parking spaces for disable patrons, shown in the photograph below, is steeper than 1:48 and is steeper than 3.1%. (ii) The running slope of this access aisle is steeper than 1:48 and is steeper than 3.1%, in violation of Federal Law 2010; ADAAG § 502.4. (iii) This steep running slope made the Plaintiff's wheelchair unstable. (iv) The action required to reduce the running slope of this access aisle is easily accomplishable and able to be carried out without much difficulty or expense.



**b.** (i) In the parking lot in front of Wyatt's, the parking space for disabled patrons shown in the photograph below has a cross slope that is steeper than 1:48 and that is steeper than 3.1%. (ii) This parking space for disabled patrons has a cross slope that is steeper than 1:48 and that is as steep as about 6%, in violation of Federal Law 2010; ADAAG § 502.4. (iii) The cross slope of this parking space made the Plaintiff's wheelchair unstable. (iv) The action required to reduce the cross slope of this parking space is easily accomplishable and able to be carried out without much difficulty or expense.

7



c.  (i)  In the parking lot in front of Wyatt's, the parking space for disabled patrons marked as van accessible shown in the photograph below has a running slope that is steeper than 1:48 and that is steeper than 3.1%.  (ii) The running slope of this parking space for disabled patrons is steeper than 1:48 and is steeper than 3.1%, in violation of Federal Law 2010; ADAAG § 502.4.  (iii) The running slope of this parking space made the Plaintiff's wheelchair unstable.  (iv) The action required to reduce the running slope of this parking space for disabled patrons is easily accomplishable and able to be carried out without much difficulty or expense.



d.  (i) In the parking lot in front of Whole Foods, the parking space for disabled patrons shown in the photograph below has a cross slope that is steeper than 1:48 and that is steeper than 3.1%.  (ii) This parking space for disabled patrons has a cross slope that is steeper than 1:48 and that is steeper than 3.1%, in violation of Federal Law 2010; ADAAG § 502.4.  (iii) The cross slope of this parking space made the Plaintiff's wheelchair unstable.  (iv) The action required to reduce the cross slope of this parking space for disabled patrons is easily accomplishable and able to be carried out without much difficulty or expense.



  e. (i) The cross slope of the portion of the walking surface near the entrance to Whole Foods, shown in the photograph below, is steeper than 1:48 and is steeper than 3.1%.   (ii) The cross slope of this portion of the walking surface is steeper than 1:48 and is steeper than 3.1%, in violation of Federal Law 2010; ADAAG § 403.3.   (iii) While moving in his wheelchair, the Plaintiff encountered the cross slope of this walking surface near the entrance to Whole Foods and it caused his wheelchair to slip sideways.   (iv) The action required to reduce the cross slope of this walking surface is easily accomplishable and able to be carried out without much difficulty or expense.



**MEN'S RESTROOM IN WHOLE FOODS**

f.   (i) The time for the men's restroom door in Whole Foods to close from an open position of 90 degrees to 12 degrees from the latch is less than five seconds.   (ii) The time for the men's restroom door in Whole Foods to close from an open position of 90 degrees to 12 degrees from the latch is about three seconds, which time is less than the minimum required time of five seconds, in violation of Federal Law 2010; ADAAG § 404.2.8.1. (iii) Due to the short time it takes for this door to close, this door closed on the Plaintiff's wheelchair before he could move through this doorway.   (iv) The action required to adjust the closer to this door is easily accomplishable and able to be carried out without much difficulty or expense.

g.   (i) The force needed to open the door to the men's restroom in Whole Foods is

11

greater than 5 pounds.   (ii) The force needed to open the door to the men's restroom in Whole Foods is about 10 pounds, pertaining to the continuous application of force necessary to fully open a door, which force exceeds the maximum allowed force of 5 pounds (22.2 N), in violation of Federal Law 2010; ADAAG § 404.2.9.   (iii) Due to the force necessary to open this door, the Plaintiff required assistance to enter the men's restroom in Whole Foods.   (iv) The action required to adjust or replace the closer to this door is easily accomplishable and able to be carried out without much difficulty or expense.

   h. (i) In the men's restroom in Whole Foods, a door pull is not provided on both sides of the door near the latch to the accessible toilet compartment.   (ii) A door pull is not provided on both sides of the door near the latch to the accessible toilet compartment, in violation of Federal Law 2010, ADAAG § 604.8.1.2.   (iii) Due to the lack of a door pull on both sides of the door to the accessible toilet compartment, the Plaintiff had difficulty operating the door.   (iv) The action required to install a door pull on both sides of the door is easily accomplishable and able to be carried out without much difficulty or expense.

   i.    (i) In the men's restroom in Whole Foods, the centerline of the where the toilet paper is dispensed from the toilet paper dispenser is not between 7 and 9 inches from the front of the toilet.   (ii) The centerline of where the toilet paper is dispensed from the toilet paper dispenser is not between a minimum of 7 inches and a maximum of 9 inches from the front of the toilet, in violation of Federal Law 2010, ADAAG § 604.7.   (iii) Due to the location of where toilet paper is dispensed, the Plaintiff could not reach toilet paper from this dispenser from a normal sitting position on the toilet.   (iv) The action required to install a dispenser so that the centerline of where the toilet paper is dispensed is between 7 and 9 inches from the front of the toilet is easily accomplishable and able to be carried out

without much difficulty or expense.

j. (i) In the men's restroom in Whole Foods, the bottom of the wall-mounted light fixtures are about 71inches above the floor and protrude more than 4 inches horizontally away from the wall. (ii) These wall-mounted light fixtures with leading edges more than 27 inches and not more than 80 inches above the finish floor protrude more than 4 inches horizontally into the circulation path, in violation of Federal Law 2010; ADAAG § 307.2. (iii) The Plaintiff observed these wall-mounted lights. (iv) The action required to relocate or to replace these wall-mounted lights is easily accomplishable and able to be carried out without much difficulty or expense.

k. (i) In the men's restroom in Whole Foods, the front rim of the sink is higher than 34 inches above the floor. (ii) The front rim of this sink is higher than 34 inches above the finish floor, in violation of Federal Law 2010; ADAAG § 606.3. (iii) Due to the height of the front rim of this sink above the floor, the Plaintiff had difficulty using this sink. (iv) The action required to reduce the height of the front rim of this sink is easily accomplishable and able to be carried out without much difficulty or expense.

l. (i) In the hallway outside of the men's restroom in Whole Foods, the coat hooks are higher than 48 inches above the floor. (ii) These coat hooks is higher than 48 inches above the finish floor and are as high as about 60 inches above the finish floor, in violation of Federal Law 2010; ADAAG § 603.4. (iii) Due to their height above the floor, from his wheelchair, the Plaintiff tried to hang an article of clothing on this coat hook but could not. (iv) The action required to relocate these coat hooks is easily accomplishable and able to be carried out without much difficulty or expense.

**WOMEN'S RESTROOM IN WHOLE FOODS**

m.   (i) The force needed to open the door to the women's restroom in Whole Foods is greater than 5 pounds.   (ii) The force needed to open the door to the women's restroom in Whole Foods is about 8 pounds, pertaining to the continuous application of force necessary to fully open a door, which force exceeds the maximum allowed force of 5 pounds (22.2 N), in violation of Federal Law 2010; ADAAG § 404.2.9.   (iii) Due to the force necessary to open this door, the Plaintiff had difficulty entering the women's restroom in Whole Foods.   (iv) The action required to adjust or replace the closer to this door is easily accomplishable and able to be carried out without much difficulty or expense.

n.   (i) In the women's restroom in Whole Foods, a door pull is not provided on both sides of the door near the latch to the accessible toilet compartment.   (ii) A door pull is not provided on both sides of the door near the latch to the accessible toilet compartment, in violation of Federal Law 2010, ADAAG § 604.8.1.2.   (iii) Due to the lack of a door pull on both sides of the door to the accessible toilet compartment, the Plaintiff had difficulty operating the door.   (iv) The action required to install a door pull on both sides of the door is easily accomplishable and able to be carried out without much difficulty or expense.

o.   (i) In the women's restroom in Whole Foods, the centerline of the where the toilet paper is dispensed from the toilet paper dispenser is not between 7 and 9 inches from the front of the toilet.   (ii) The centerline of where the toilet paper is dispensed from the toilet paper dispenser is not between a minimum of 7 inches and a maximum of 9 inches from the front of the toilet, in violation of Federal Law 2010, ADAAG § 604.7.   (iii) Due to the location of where toilet paper is dispensed, the Plaintiff could not reach toilet paper from this dispenser from a normal sitting position on the toilet.   (iv) The action required to

14

install a dispenser so that the centerline of where the toilet paper is dispensed is between 7 and 9 inches from the front of the toilet is easily accomplishable and able to be carried out without much difficulty or expense.

**MEN'S RESTROOM IN WYATT'S**

p.   (i) The force needed to open the door to the men's restroom in Wyatt's is greater than 5 pounds.   (ii) The force needed to open the door to the men's restroom in Wyatt's is about 10 pounds, pertaining to the continuous application of force necessary to fully open a door, which force exceeds the maximum allowed force of 5 pounds (22.2 N), in violation of Federal Law 2010; ADAAG § 404.2.9.   (iii) Due to the force necessary to open this door, the Plaintiff required assistance to enter the men's restroom in Wyatt's.   (iv) The action required to adjust or replace the closer to this door is easily accomplishable and able to be carried out without much difficulty or expense.

**WOMEN'S RESTROOM IN WYATT'S**

q.   (i) The force needed to open the door to the women's restroom in Wyatt's is greater than 5 pounds.   (ii) The force needed to open the door to the women's restroom in Wyatt's is about 13 pounds, pertaining to the continuous application of force necessary to fully open a door, which force exceeds the maximum allowed force of 5 pounds (22.2 N), in violation of Federal Law 2010; ADAAG § 404.2.9.   (iii) Due to the force necessary to open this door, the Plaintiff required assistance to enter the women's restroom in Wyatt's. (iv) The action required to adjust or replace the closer to this door is easily accomplishable and able to be carried out without much difficulty or expense.

52.   All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design,

as promulgated by the U.S. Department of Justice.

53.     The discriminatory violations described in paragraph 51 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's places of public accommodation in order to photograph and measure areas to which barriers prevented his access.

54.     The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's building and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.   The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

55.     Defendant has discriminated against the individual by denying individuals access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.

56.     Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

57.     Plaintiff is without adequate remedy at law and is suffering irreparable harm.

Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.

58.     Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

59.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's places of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities are ones which were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

60.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendant.

61.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff injunctive relief, including an order to require the Defendant to alter the Property, Whole Foods, Wyatt's, and the parking lot, access aisles and walkways to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA;

or by closing the facilities until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

    a.    The Court to issue a Declaratory Judgment that determines that the Defendant is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

    b.    Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

    c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205, 28 U.S.C. § 1920, 42 U.S.C. § 2000e-5(k), and 42 U.S.C. § 12117(a).

    d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## **DESIGNATION OF PLACE OF TRIAL**

Plaintiff, Fred Nekouee, by and through his undersigned counsel, hereby designates Denver, Colorado as the place of trial for this action.

                        Respectfully submitted,

                        s/Robert J. Vincze_____
                        Robert J. Vincze (CO #28399)
                        Law Offices of Robert J. Vincze
                        PO Box 792; Andover, Kansas 67002
                        Phone: 303-204-8207
                        Email: vinczelaw@att.net

                        *Attorney for Plaintiff Fred Nekouee*